UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE BRZOZOWSKI, | ) | Case No. 3:19-cv-00523 |
| | ) | |
| Plaintiff, | ) | The Honorable Jack Zouhary |
| | ) | |
| v. | ) | **<u>DEFENDANTS' ANSWER TO</u>** |
| | ) | **<u>PLAINTIFF'S COMPLAINT</u>** |
| PRATT INDUSTRIES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For their Answer to the Complaint filed by Plaintiff Eugene Brzozowski ("Plaintiff"), Defendants Pratt Industries, Inc. ("Pratt Industries") and Pratt Paper (OH), LLC ("Pratt Paper (OH)") (collectively "Defendants"), by and through the undersigned counsel, admit, deny, and state as follows:

### <u>JURISDICTION & VENUE</u>

1.      To the extent the allegations in Paragraph 1 of the Complaint purport to state the statutory basis for Plaintiff's claims, an affirmative response is not required.  To the extent a response is required, Defendants deny that they engaged in any conduct in violation of the Fair Labor Standards Act ("FLSA") or Ohio R.C. § 4123.90.

2.      The allegations in Paragraph 2 of the Complaint purport to state a legal conclusion, to which no affirmative response is required.

3.       The allegations in Paragraph 3 of the Complaint purport to state a legal conclusion, to which no affirmative response is required.

4.      Insofar as Paragraph 4 of the Complaint asserts proper venue, it purports to state a legal conclusion, to which no affirmative response is required.  Defendant Pratt Paper (OH) admits that it employed Plaintiff in the Northern District of Ohio.  Defendants deny all remaining factual allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5.      Pratt Paper (OH) admits only that Plaintiff reported his address as within Allen County, Ohio.  Pratt Paper (OH) denies the remaining allegations in Paragraph 5 of the Complaint for lack of knowledge or information.  Pratt Industries is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.      The allegations in Paragraph 6 of the Complaint state a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Pratt Paper (OH) states that it employed Plaintiff from October 29, 2018 through February 21, 2019.  Defendants deny any factual allegations in Paragraph 6 of the Complaint.

7.      Defendant Pratt Paper (OH) states that it is a foreign limited liability company registered to do business in the state of Ohio.  Pratt Paper (OH) denies the remaining allegations in Paragraph 7 of the Complaint, on the ground that the Pratt Paper (OH) facility in Wapakoneta, Ohio is not yet operational.

8.      Defendant Pratt Industries states that it is a foreign corporation registered to do business in Ohio, and that its corporate headquarters are located in Conyers, Georgia.  Pratt Industries denies the remaining allegations in Paragraph 8 of the Complaint, including the allegation that it is conducting business in Auglaize County in the Northern District of Ohio.

2

9.      The allegations in Paragraph 9 of the Complaint state legal conclusions to which no responsive pleading is required. Defendants deny any factual allegations in Paragraph 9 of the Complaint, and Pratt Industries specifically denies that it employed Plaintiff at any time.

10.      The allegations in Paragraph 10 of the Complaint state a legal conclusion to which no response is required. Pratt Paper (OH) expressly denies any factual allegations in Paragraph 10 and denies that it is an "enterprise engaged in commerce" under the FLSA.

11.      To the extent Paragraph 11 of the Complaint summarizes this action, it requires no response. Defendants deny that there are any individuals who are "similarly situated" to Plaintiff, and deny that Plaintiff is due unpaid overtime or other compensation under the FLSA. Defendant Pratt Industries further denies that it ever employed Plaintiff, such that Plaintiff can state no cause of action against Pratt Industries under any circumstances.

## FACTUAL BACKGROUND

### "Defendants' Business & Pay Practices"

12.      Pratt Industries, Inc. states that it is in the business of corrugating packaging, paper recycling and packaging. Pratt Paper (OH) is having a facility constructed but does not presently conduct business, but upon the commencement of operations, intends to be in the business of paper recycling. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.      Pratt Industries denies the allegations in Paragraph 13 of the Complaint.

14.      Pratt Paper (OH) admits that in began construction of a new paper mill in Wapakoneta, Ohio in 2018. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

3

15.     Pratt Paper (OH) admits that it employs Production Engineers at the Wapakoneta, Ohio location.  Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Pratt Paper (OH) states that Production Engineers will be responsible for the operation of paper machines at the Wapakoneta, Ohio paper mill owned by Pratt Paper (OH). Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Pratt Paper (OH) denies the allegations of Paragraph 17 of the Complaint as they concern the Wapakoneta, Ohio paper mill.  Defendants deny the remaining allegations contained in paragraph 17 of the Complaint, and specifically deny that they employ Production Engineers at any other paper mills.

18.     Pratt Paper (OH) states that upon commencing their employment at the Wapakoneta, Ohio paper mill, Production Engineers are required to undergo educational training, colloquially referred to as "bootcamp".  Pratt Paper (OH) denies the remaining allegations contained in Paragraph 18 of the Complaint. To the extent the allegations in Paragraph 18 are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

19.     To the extent the allegations in Paragraph 19 of the Complaint are stated against Pratt Paper (OH), Pratt Paper (OH) admits those allegations.  To the extent the allegations in Paragraph 19 are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information

sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     To the extent the allegations in Paragraph 21 of the Complaint are stated against Pratt Paper (OH), Pratt Paper (OH) states that Production Engineers may voluntarily work on and/or complete homework assignments including worksheets, reading, drawing diagrams, and studying.  Pratt Paper (OH) denies the remaining allegations in Paragraph 21 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     To the extent the allegations in Paragraph 26 of the Complaint are stated against Pratt Paper (OH), Pratt Paper (OH) states that it compensates Production Engineers as salaried, non-exempt employees.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

27.     To the extent the allegations in Paragraph 27 of the Complaint are stated against Pratt Paper (OH), Pratt Paper (OH) state that it compensates Production Engineers for a total of 40 hours per week, and for any authorized overtime hours.  Pratt Paper (OH) denies the remaining allegations in Paragraph 27 of the Complaint.  To the extent the allegations in Paragraph 27 are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

### "Named Plaintiff's Experience"

28.     In response to the allegations in Paragraph 28 of the Complaint, Pratt Paper (OH) admits that it hired Plaintiff on October 28, 2018.  Pratt Industries denies that it ever employed Plaintiff.

29.     In response to the allegations in Paragraph 29 of the Complaint, Pratt Paper (OH) states that Plaintiff began his educational training for Pratt Paper (OH) on or about October 29, 2018, that it advised Plaintiff that training would last about 19 weeks, and that some aspects of the training would take place in Valparaiso, Indiana, at a paper mill owned and operated by Pratt Paper (IN).  Pratt Paper (OH) denies the remaining allegations in Paragraph 29 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

30.     In response to the allegations in Paragraph 30 of the Complaint, Defendant Pratt Paper (OH) admits that Plaintiff was not given any homework assignments during his first week

of training in Wapakoneta, Ohio, and further states that the Wapaknoeta, Ohio facility was still under construction during Plaintiff's first week of training.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

31.    In response to the allegations in Paragraph 31 of the Complaint, Pratt Paper (OH) states that Plaintiff's second week of training took place in Valparaiso, Indiana, at a facility owned and operated by Pratt Paper (IN). Upon information and belief, Valparaiso, Indiana is approximately three hours from Plaintiff's residential address provided to Pratt Paper (OH).  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

32.    In response to the allegations in Paragraph 32 of the Complaint, Pratt Paper (OH) states that Plaintiff initially attended "bootcamp" with other Production Engineers employed by Pratt Paper (OH).  Pratt Paper (OH) denies the remaining allegations in Paragraph 32 of the Complaint.     To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

33.    In response to the allegations in Paragraph 33 of the Complaint, Pratt Paper (OH) states that Jay Hennessey conducted educational training for Plaintiff and other Production Engineers at Pratt Paper (OH).  Pratt Paper (OH) denies the remaining allegations in Paragraph

33 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

34.     In response to the allegations in Paragraph 34 of the Complaint, Pratt Paper (OH) states that Plaintiff was paid a base salary calculated at a rate of $55,000 per year during his training, which salary was based on a 40 hour workweek, and equates to $26.44 on an hourly basis.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

35.     In response to the allegations in Paragraph 35 of the Complaint, Pratt Paper (OH) states that Plaintiff and other Production Engineers in training were scheduled to attend educational training 4 days per week.  Pratt Paper (OH) denies the remaining allegations in Paragraph 35 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

36.     Pratt Paper (OH) admits that Plaintiff and other Production Engineers traveled by car to Valparaiso, Indiana to attend educational training, and that they were paid for their drive time.  Pratt Paper (OH) is without knowledge or information sufficient to form a belief as to whether Plaintiff or other Production Engineers commenced their drives from their homes, and therefore denies the remaining allegations in Paragraph 36 of the Complaint.  To the extent the

allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

37.     In response to the allegations in Paragraph 37 of the Complaint, Pratt Paper (OH) admits that the times of educational training sessions varied; and that Monday sessions typically began at 8:30 am.  Pratt Paper (OH) denies that Plaintiff or any other Production Engineers were assigned mandatory homework, that any homework was required to be completed, and that the voluntary homework assigned would take 2-4 hours to complete.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

38.     In response to the allegations in Paragraph 38 of the Complaint, Pratt Paper (OH) admits that Tuesday, Wednesday and Thursday training sessions typically began at 7 am.  Pratt Paper (OH) denies the remaining allegations in Paragraph 38 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

39.     Pratt Paper (OH) denies the allegations contained in Paragraph 39 of the Complaint, and further states that Plaintiff and other Production Engineers to complete voluntary homework during training class hours, in the event they wished to complete the voluntary

homework.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

40.     Pratt Paper (OH) is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the same. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

41.     In response to the allegations in Paragraph 41 of the Complaint, Pratt Paper (OH) states that it neither required nor authorized Plaintiff or any other Production Engineer to work overtime during the educational training period and, further, that Plaintiff and Production Engineers were permitted sufficient time during their 40-hour workweek to complete voluntary homework assignments if they chose to do so.  Pratt Paper (OH) denies the remaining allegations in Paragraph 41 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

**"Plaintiff Brzozowski's Injury and Termination"**

46.     In response to the allegations in Paragraph 46 of the Complaint, Pratt Paper (OH) states that, on or about January 4, 2019, Plaintiff and four other Production Engineers who were struggling with the educational training program were given an opportunity to train in a more tactile environment at the paper mill owned by Pratt Paper (IN) in Valparaiso, Indiana.  Pratt Paper (OH) denies the remaining allegations in Paragraph 46 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

47.     Pratt Paper (OH) denies the allegations in Paragraph 47 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

48.     In response to the allegations in Paragraph 48 of the Complaint, Pratt Paper (OH) states that on or about January 26, 2019, during his shift, Plaintiff reported feeling a strain in his bicep after he removed a 23 pound box of core plugs off of a pallet.  Pratt Paper (OH) denies the remaining allegations in Paragraph 48 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

49.     Pratt Paper (OH) admits the allegations in Paragraph 49 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

50.     Pratt Paper (OH) is without knowledge as to whether Plaintiff rested his arm over the weekend and therefore denies the same.  Pratt Paper (OH) admits that Plaintiff returned to work for his next shift on January 28, 2019, which was scheduled from 7 pm to 7 am.  Pratt Paper (OH) denies the remaining allegations in Paragraph 50 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

51.     In response to Paragraph 51 of the Complaint, Pratt Paper (OH) states that during the referenced shift, Plaintiff reported that he was experiencing pain in his bicep.  Pratt Paper (OH) denies the remaining allegations in Paragraph 51 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

52.     In response to the allegations in Paragraph 52 of the Complaint, upon information and belief, Pratt Paper (OH) states that at the conclusion of his shift, Plaintiff notified Patricia Stroh, the Safety Manager at Pratt Paper (IN), that his right arm was in pain; that Ms. Stroh

notified Mr. Maddox-Lee, who completed an injury report, and that Mr. Reed gave a statement. Pratt Paper (OH) denies the remaining allegations in Paragraph 52 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

53. Pratt Paper (OH) denies the allegations in Paragraph 53 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

54. In response to the allegations in Paragraph 54 of the Complaint, Pratt Paper (OH) states that Plaintiff was requested to meet Safety Manager Jason Bowers at the medical facility referenced in Paragraph 54. Pratt Paper (OH) denies the remaining allegations in Paragraph 54 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

55. In response to the allegations in Paragraph 55 of the Complaint, Pratt Paper (OH) admits that Plaintiff met Mr. Bowers at the referenced medical facility. Pratt Paper (OH) is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 55 of the Complaint and therefore denies the same. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee

any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

56.     Upon information and belief, Pratt Paper (OH) admits the allegations in Paragraph 56 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

57.     Pratt Paper (OH) denies the allegations in Paragraph 57 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

58.     Pratt Paper (OH) admits only that Mr. Bowers informed Plaintiff that he would handle the company's portion of the documentation, and that Plaintiff would need to complete the employee portion of the documentation.   Pratt Paper (OH) denies the remaining allegations in Paragraph 58 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

59.     Pratt Paper (OH) admits the allegations in Paragraph 59 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge

or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

60.     Upon information and belief, Pratt Paper (OH) admits the allegations in Paragraph 60 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

61.     In response to the allegations in Paragraph 61 of the Complaint, Pratt Paper (OH) states that Mr. Bower asked Dr. Fox whether Plaintiff could return to without restrictions, and that Dr. Fox indicated that Plaintiff might need further examination by an orthopedist first.  Pratt Paper (OH) lacks knowledge or information sufficient to form a belief as to whether Plaintiff went home after that appointment and therefore denies the same. Pratt Paper (OH) denies the remaining allegations in Paragraph 61 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

62.     Pratt Paper (OH) admits the allegations in Paragraph 62 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

63.     Pratt Paper (OH) admits the allegations in Paragraph 63 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such

allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

64. Pratt Paper (OH) admits the allegations in Paragraph 64 of the Complaint, except that it denies that Dr. Torres noted that Plaintiff had "limited use" of his arm, and further states that Dr. Torres noted that Plaintiff had tenderness in his harm. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

65. Pratt Paper (OH) denies the allegations contained in Paragraph 65 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

66. In response to the allegations in Paragraph 66 of the Complaint, Pratt Paper (OH) states that, responding to Mr. Bower's question as to whether Plaintiff could return to work without restriction, Dr. Torres stated that Plaintiff could return to work on light duty until further evaluation. Pratt Paper (OH) denies the remaining allegations in Paragraph 66 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

67.     Pratt Paper (OH) admits the allegations in Paragraph 67 of the Complaint, except that Pratt Paper (OH) denies that Plaintiff made an appointment with OIO and states that the Pratt Paper (OH) clinic made that appointment.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

68.     In response to the allegations in Paragraph 68 of the Complaint, Pratt Paper (OH) states that upon returning to the Wapakoneta, Ohio plant, Plaintiff was advised that his work would initially involve administrative tasks.  Pratt Paper (OH) denies that remaining allegations in Paragraph 68 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

69.     In response to the allegations in Paragraph 69 of the Complaint, Pratt Paper OH) states that Mr. Bowers later approached Plaintiff and informed him that he (Mr. Bowers) had spoken with the Occupational Health office, which had revised Plaintiff's record to indicate that Plaintiff could return to work as tolerated.  Pratt Paper (OH) denies the remaining allegations in Paragraph 69 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

70.     In response to the allegations in Paragraph 70 of the Complaint, Pratt Paper (OH) states that Mr. Bowers instructed Plaintiff to pick up his updated medical record and submit it to

Pratt Paper (OH). Pratt Paper (OH) denies the remaining allegations in Paragraph 70 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

71.     In response to the allegations in Paragraph 71 of the Complaint, Pratt Paper (OH) admits that, on or about January 31, 2019, Plaintiff, accompanied by Mr. Bowers, attended appointment with Physician Assistant Mr. Wanecke and Orthopedic Surgeon, Dr. Neiman at OIO, that Plaintiff was fitted with a brace for his harm, and scheduled to undergo an MRI. Pratt Paper (OH) denies the remaining allegations in Paragraph 71 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

72.     Pratt Paper (OH) denies the allegations contained in Paragraph 72 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

73.     Upon information and belief, Pratt Paper (OH) admits the allegations in Paragraph 73 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH)

and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

74.     Pratt Paper (OH) admits the allegations in Paragraph 74 of the Complaint, except that Pratt Paper denies that Plaintiff's follow-up appointment with Dr. Neiman occurred on February 4, 2019 and states that the follow-up appointment occurred the following day, February 5, 2019.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

75.     Pratt Paper denies the allegations contained in Paragraph 75 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

76.     In response to Paragraph 76 of the Complaint, Pratt Paper (OH) states that Mr. Bowers asked Dr. Neiman if he would release Plaintiff to return to work to perform administrative duties, and that Dr. Nieman declined to do so. Pratt Paper (OH) denies the remaining allegations in Paragraph 76 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

77.     Pratt Paper (OH) admits the allegations contained in Paragraph 77 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries

denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

78.     In response to Paragraph 78 of the Complaint, Pratt Paper (OH) admits that on February 5, 2019, Dr. Neiman instructed Plaintiff to return in March 2019 for a follow up.  Pratt Paper (OH) denies the remaining allegations in Paragraph 78 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

79.     Upon information and belief, Pratt Paper (OH) admits the allegations in Paragraph 79 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

80.     Pratt Paper (OH) denies the allegations contained in Paragraph 80 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

81.     Pratt Paper (OH) denies the allegations contained in Paragraph 81 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without

knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

82.     Pratt Paper (OH) denies the allegations contained in Paragraph 82 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

83.     In response to the allegations in Paragraph 83 of the Complaint, Pratt Paper (OH) states, upon information and belief, that Plaintiff wanted to return to work as soon as possible, and therefore, on his own volition, requested that his appointment with OIO be moved to February 19, 2019 in hopes of obtaining a release to return to work.  Pratt Paper (OH) denies the remaining allegations in Paragraph 83 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

84.     Pratt Paper (OH) admits the allegations in Paragraph 84 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

85.     Pratt Paper (OH) denies the allegations contained in Paragraph 85 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is

without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

86.     Pratt Paper (OH) denies the allegations contained in Paragraph 86 of the Complaint.  By way of further response, Pratt Paper (OH) states that Dr. Nieman instructed Plaintiff that he could return to work on the mill floor at full duty. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

87.     In response to Paragraph 87 of the Complaint, Pratt Paper (OH) states that on or about February 21, 2019, Steve Bartocci asked Plaintiff to meet with HR Director Kevin Vickers for a discussion. Pratt Paper (OH) denies the remaining allegations in Paragraph 87 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

88.     Pratt Paper (OH) admits the allegations in Paragraph 88 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

89.     In response to the allegations in Paragraph 89 of the Complaint, Pratt Paper states that Mr. Kersey informed Plaintiff that he was being terminated because of his unsatisfactory

performance. Pratt Paper (OH) denies the remaining allegations in Paragraph 89 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

90. Pratt Paper (OH) lacks knowledge and information sufficient to form a belief as to whether Plaintiff believed a workers compensation claim had been filed on his behalf by Mr. Bowers, and therefore denies the same. By way of further response, Pratt Paper (OH) states that Mr. Bowers never told Plaintiff that he had filed a workers' compensation claim on his behalf or otherwise led him to believe so. Pratt Paper (OH) admits that Plaintiff's medical records from OIO reference a "WC" injury. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

91. Pratt Paper (OH) denies the allegations in Paragraph 91 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

**FIRST CAUSE OF ACTION**
**FLSA Collective Action, 29 U.S.C. §201, *et seq.* – Failure to Pay Overtime**

92. In reference to Paragraph 92 of the Complaint, Defendants incorporate as if fully restated herein paragraphs 1 through 91 of their Answer.

93.     Defendants admit that Plaintiff purports to represent the class of individuals described in the unnumbered paragraph below paragraph 93 for the purposes of a collective action. Defendants deny that Plaintiff and the group he seeks to represent are similarly situated and further specifically denies that a putative collective action may be certified for the purposes of facilitation of notice or otherwise.

94.     Defendants deny that there are SSPs and deny the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny that there are SSPs and deny the remaining allegations in Paragraph 96 the Complaint.

97.     Defendant Pratt Paper (OH) denies that there are "SSPs" and denies the remaining allegations in Paragraph 97 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

98.     Defendant Pratt Paper (OH) denies that there are SSPs and denies the remaining allegations contained in Paragraph 98 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

99.     The allegations in Paragraph 99 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent it states any factual allegations, Pratt Paper (OH) denies that there are SSPs and denies any remaining factual allegations. To the

extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

100.    Pratt Paper (OH) denies that there are SSPs and denies the allegations in Paragraph 100 of the Complaint.   To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint. Pratt Paper (OH) further denies that any homework assigned to Plaintiff was mandatory.

103.    Pratt Paper (OH) denies that there are SSPs and denies the remaining allegations contained in Paragraph 103 of the Complaint.   To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

## SECOND CAUSE OF ACTION
### Workers' Compensation Retaliation – O.R.C. §4123.90
### (FOR PLAINTIFF BRZOZOWSKI ONLY)

104.    In reference to Paragraph 104 of the Complaint, Defendants incorporate as if fully restated herein paragraphs 1 through 103 of their Answer.

105.    Upon information and belief, Pratt Paper (OH) admits the allegations in Paragraph 105 of the Complaint.  To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

106.    Pratt Paper (OH) denies the allegations in Paragraph 106 of the Complaint. To the extent the allegations are stated against Pratt Industries, Pratt Industries denies all such allegations as it does not employee any individuals at Pratt Paper (OH) and is without knowledge or information sufficient to form a belief as to events that allegedly occurred during Plaintiff's employment with Pratt Paper (OH).

107.    Pratt Paper (OH) denies the allegations in Paragraph 107 of the Complaint.  Pratt Industries, Inc. denies that it ever employed or discharged Plaintiff.

108.    Pratt Paper (OH) admits the allegations in Paragraph 108 of the Complaint.  Pratt Industries, Inc. denies the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny that Plaintiff is entitled to any relief, whether that relief is characterized as legal, equitable or declaratory in nature.

111.    Defendants deny all allegations of fact contained in the Complaint unless they are expressly admitted to be true herein.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff may not state any claims against Pratt Industries, Inc. because Pratt Industries, Inc. never employed Plaintiff.

2.      Pratt Paper (OH) was not an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA and its accompanying regulations.

3.      Some, or all, of Plaintiff's claims fail to state a claim upon which relief may be granted.

4.      Plaintiff and others with whom he is allegedly "similarly situated" are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct.

5.      Plaintiff and others with whom he is allegedly "similarly situated" have failed to mitigate, or reasonably attempt to mitigate, their alleged damages, if any, as required by law.

6.      The Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

7.      Plaintiff and others with whom he is allegedly "similarly situated" have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action therein, by reason of their own acts, omissions, and course of conduct.

8.      With respect to some or all FLSA claims brought by Plaintiff and others with whom he is allegedly "similarly situated," Defendants affirmatively plead that any acts or omissions that may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith, with reasonable grounds for believing Pratt was in full compliance with the FLSA.

9.      Some, or all, of the disputed time for which Plaintiff and others with whom he is allegedly "similarly situated" may involve wages purportedly owed for time that is not compensable under the *de minimis* doctrine and rounding regulations.

10.     Plaintiff and others with whom he is allegedly "similarly situated" may not recover liquidated damages because (i) Defendants (including their officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants (including their officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiff and others with whom he is allegedly "similarly situated;" and (iii) Plaintiff and others with whom he is allegedly "similarly situated" have failed to plead facts sufficient to support recovery of such damages.

11.     To the extent Plaintiff and others with whom he is allegedly "similarly situated" are entitled to damages, Pratt Paper (OH) is entitled to a credit for, or set off against, amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

12.     Plaintiff's FLSA claims are barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

13.     Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because he is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

14.     The claims set forth in the Complaint are barred, in whole, or in part, by the doctrine of payment because (i) Pratt Paper (OH) properly compensated Plaintiff and others with whom he is allegedly "similarly situated" for all time worked in accordance with the FLSA, and (ii) Pratt Paper (OH) paid Plaintiff and others with whom he is allegedly "similarly situated" for additional time including time paid but not worked.

15.     Plaintiff and others with whom he is allegedly "similarly situated" may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action under 29 U.S.C. §216(b).

16.     Plaintiff and others with whom he is allegedly "similarly situated" are not entitled to compensation for hours they purportedly worked without Pratt Paper OH's actual or constructive knowledge.

17.     The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendants' liability for liquidated damages, attorney's fees and costs, if any, to Plaintiff and others with whom he is allegedly "similarly situated" on a group or aggregated basis.

18.     This Court lacks subject matter and supplemental jurisdiction over Plaintiff's state laws claim because Plaintiff has no claim under 29 U.S.C. § 201, *et seq*.

19.     Plaintiff's claims are barred, in whole or in part, because Pratt Paper (OH) applied its business judgment and acted at all times in good faith with respect to Plaintiff.

20.     Plaintiff's Complaint fails because Plaintiff's injury and damages, if any, were not the proximate result of any action(s) or inaction(s) by Defendant.

21.     Plaintiff's claims are barred, in whole or in part, because any actions taken or not taken by Defendant in connection with Plaintiff's employment were taken or not taken in good faith and for legitimate business reasons unrelated to his filing of a workers' compensation claim.

22.     Plaintiff's claim for any compensatory or other non-economic damages arising from Defendant's alleged violation of Ohio Revised Code § 4123.90 is barred because § 4123.90

does not permit recovery of such damages but instead expressly limits recovery to reinstatement with back pay where, as here, the action is based upon a discharge.

23.    Plaintiff's damages, if any, must be reduced by the income he has received, or should have received, in mitigation.

24.    Plaintiff is not entitled to a jury trial on his claim for an alleged violation of Ohio Revised Code § 4123.90.

25.    Defendants reserve the right to assert additional defenses as they become known during the course of discovery or otherwise.

WHEREFORE, Defendants Pratt Industries, Inc. and Pratt Paper (OH), LLC demand that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorney's fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Monica L. Lacks*
Rebecca J. Bennett (0069566)
Monica L.  Lacks (0078649)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
216-241-6100
216-357-4733 (FAX)
Email:  rebecca.bennett@ogletree.com
            monica.lacks@ogletree.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2019 a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*/s/ Monica L. Lacks*</u>
*One of the Attorneys for Defendants*

38110586.1